C. Todd Norris (SBN 181337)
**Duane Morris LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Tel: 415-957-3307
Fax: 415-840-06878
Email: CTNorris@duanemorris.com

Ashley L. Barton (SBN 335673)
**Duane Morris LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Tel: 619-744-2240
Fax: 619-374-2933
Email: abarton@duanemorris.com

Attorneys for Plaintiff,
*Valley National Bank*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VALLEY NATIONAL BANK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WOLFPACK TRANSPORT LLC,<br><br>　　　　Defendant. | Case No.: 5:21-CV-01221-FWS-SP<br><br>**PLAINTIFF'S REQUEST TO THE CLERK OF THE COURT TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT PURSUANT FRCP 55(B)(1)**<br><br>[Filed concurrently with Declaration of Robert Kochenthal]<br><br>Judge: Hon. Fred W. Slaughter<br>Complaint Filed: July 22, 2021<br>Trial Date: None Set |

Plaintiff Valley National Bank ("Valley") hereby requests that the Clerk of the Court located at United States District Courthouse, Central District of California enter default judgment against defendant Wolfpack Transport LLC ("Defendant") in the amount of $272,952.98 Federal Rule of Civil Procedure 55(b)(1). This amount

represents the unpaid principal of $218,307.10 and interest of $54,645.88 calculated at the annual percentage rate set forth in the premium finance agreement between the parties of 11.25% for the period June 16, 2020 to June 1, 2022. The basis for the request is set forth below.  Alternatively, Valley requests that the Clerk submit this application to a judge of the court for a determination pursuant to FCRP 55(b)(2).

DATED: July 1, 2022              **DUANE MORRIS LLP**

By: */s/ Ashley Barton*
Ashley Barton

Attorneys for Plaintiff,
*Valley National Bank*

# I. INTRODUCTION

## A. Relief Sought

Valley requests an order from this Court granting default judgment against Defendant for $272,952.98, representing principal and interest due under a commercial contract. Valley's prior request to enter default judgment was denied by Notice of Deficiency dated June 14, 2022. ECF No. 28. Valley has corrected the deficiencies identified by the Court and resubmits its request for default judgment as directed.

## B. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332. This is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## C. Venue and Personal Jurisdiction

Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events or omissions which give rise to this action occurred in Riverside County, California. Specifically, Valley and Defendant entered into a contract at a time when Defendant was located in Riverside County, California. The Defendant breached the contract as more fully described in the Complaint, filed July 22, 2021.

## D. Service of Process on Defendant

On May 12, 2022, Valley filed a Request for Entry of Default against Defendant for failure to respond or appear. The Clerk of this Court entered default against Defendant on May 18, 2022. *See* ECF No. 26.

# II. BACKGROUND

Valley seeks damages for a sum made certain by computation. *See*, FRCP 55(b)(1). The facts supporting this application are set forth in the Declaration of Robert Kochenthal, Senior Vice President in the Special Assets Department at Valley

submitted in support of this motion ("Kochenthal Dec."). The key facts pertinent to the breach of contract claim are as follows.

Valley and Defendant entered into a Commercial Insurance Premium Finance Agreement ("PFA") under which Valley made a loan to Defendant so that Defendant could purchase commercial insurance policies identified in the PFA. *See* Kochenthal Dec. ¶ 7.

Valley advanced the amount of $276,498.00. Kochenthal Dec., Dec. ¶ 8. Valley performed all other obligations required of it under the PFA. Kochenthal Dec. ¶ 9.

Defendant made two (2) of the ten (10) monthly installment payments due under the PFA. Defendant then defaulted under the PFA by failing to make the eight (8) remaining the monthly installments when due. Kochenthal Dec. ¶ 12–13.

Valley made the demand to Defendant for the debt due, but Defendant failed and refused to pay the debt. Kochenthal Dec. ¶ 14. Therefore, Valley filed this lawsuit. Kochenthal Dec. ¶ 14.

In light of the default entered against the Defendant because of its failure to appear in the case, Valley requests the entry of default judgment against Defendant for damages in the total amount of $272,952.98, which includes: (i) the principal of $218,307.10; and (ii) interest of $54,645.88. *See* Kochenthal Dec. ¶¶15-19.

Valley is not seeking damages under the Second Cause of Action based on implied contract because the damages would be duplicative of the damages under the breach of contract claim in the First Cause of Action. The Second Cause of Action can be dismissed.

### III.   LEGAL ARGUMENT

Pursuant to the provisions of Fed. R. Civ. P. 55(b)(1), the Clerk of this Court is empowered to enter a default judgment if the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation" and the plaintiff makes a showing of the

amount due through an affidavit or declaration. Judgment should be entered against Defendant for $272,952.98.

**A.   Valley Is Entitled to a Judgment by Default.**

In *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Court set forth the following seven factors to consider when addressing a motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  As discussed below, all the factors weigh heavily in favor of granting Valley's motion for default judgment.

**1.   *Possibility of prejudice to the plaintiff***

The first factor weighs in favor of granting default judgment.  If Valley's motion for default judgment is denied, Valley will be without recourse for recovery of its loss, which will be prejudicial to Valley.  *See, Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *see also, Microsoft Corp. v. Nop*, 549 F. Supp.2d 1233, 1236-37 (E.D. Cal. 2008) ("Plaintiff will be prejudiced if default judgment is denied because plaintiff will be without other recourse for recovery.").  Because Valley has no other means to recover damages from Defendant, Valley would be prejudiced if default judgment is not granted.  The harm suffered by Valley outweighs any harm suffered by Defendant in having a default judgment entered against it.  In fact, Defendant accepted Valley's loan and will not prejudiced by a judgment under which Valley will be able to collect the amount the Defendant agreed to repay. This factor weighs in favor of the entry of default judgment.

**2.   *Merits of plaintiffs' substantive claims and sufficiency of the complaint***

Given the kinship of these factors, the Court considers the merits of Plaintiff's claims and the sufficiency of the complaint together. *See Yelp Inc. v. Catron*, 70 F.

Supp. 3d 1082, 1098 (N.D. Cal. 2014) ("For ease of analysis, the merits of Plaintiff's substantive claims and sufficiency of the complaint are considered together"); *see also Premier Pool Mgmt. Corp. v. Lusk*, 2012 WL 15932060, at *5 (E.D. Cal. May 4, 2012). The Ninth Circuit has suggested that, when combined, the factors require a plaintiff to "state a claim on which the plaintiff may recover." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175.

Valley's first claim for relief in the complaint is for breach of contract. *See* Kochenthal Dec., Ex. 1. A claim of breach of contract arises under state law and requires a plaintiff to demonstrate: (1) the existence of a contract, (2) performance or excuse for nonperformance by the plaintiff, (3) breach by the defendants, and (4) resulting damages. *Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 316 Fed. App'x 661, 662 (9th Cir. 2009) (*citing First Comm. Mort. Co. v. Reece*, 108 Cal. Rptr. 2d 23, 33 (Ct. App. 2001)); *see also, Haberbush v. Clark Oil Trading Co.,* 33 Fed. App'x 896, 898 (9th Cir. 2002) (identifying "agreement, consideration, performance by plaintiff, breach by defendant, and damages" as elements to a breach of contract). The California courts enforce default judgement provisions in a contract between commercial parties. *See in re Crystal Properties, Ltd., L.P.*, 268 F.3d 743, 754 (9th Cir. 2001).

Both the second and third *Eitel* factors weigh in favor of entry of default judgment. The evidence presented by Valley shows that Defendant agreed to the terms of the PFA. Valley's Complaint pleads the elements of a contract claim. *See* Kochenthal Dec., Ex. 1. Valley and Defendant entered into the PFA that provided for the financing of the commercial insurance policies identified in the PFA, under which Defendant agreed to make monthly payments to Plaintiff for the financing. PFA at ¶¶ 9-10, Ex. 1 to Kochenthal Dec. Thus, Valley has established that an agreement existed between the parties. Further, Valley provided the funds and "performed all conditions, covenants, and promises on its part to be performed under the PFA." Kochenthal Dec.

¶¶ 8-9. However, Defendant only partially performed under the agreement and stopped making the required payments. Kochenthal Dec. ¶¶ 12-14. Thus, Defendant failed to comply with the terms of the PFA and defaulted.

In light of the above, Valley has submitted a legally sufficient Complaint on which it will prevail on the merits of its breach of contract claim. *See, Bd. Of Trs. of the Clerks v. Piedmont Lumber & Mill Co., Inc.*, 2010 WL 4922677, at *4 (N.D. Cal. Nov. 29, 2010).

### *3.     Sum of the money at stake*

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico, Inc.,* 238 F.Supp.2d at 1176. Where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate. *Bd. Of Trs. v. Core Concrete Const., Inc.*, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012). *citing Bd. of Trs. of the Sheet Metal Workers Health Care Plan v. Superhall Mechanical, Inc*., 2011 WL 2600898 at *2 (N.D. Cal. Jun. 30, 2011).

Here, the amount requested by Valley is tailored to the specific misconduct of the Defendant – specifically, Valley seeks the amount of money that Defendant agreed to repay under the PFA. Therefore, this factor also weighs in favor of granting default judgment.

### *4.     Possibility of a dispute concerning material facts*

There is no possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts factual allegations in the Complaint as true and (2) though properly served, the defendant failed to appear and defend. *See Pepsico, Inc.,* 238 F.Supp.2d at 1177; *see also, Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

The facts in this breach of contract case are simple and straightforward. Defendant borrowed money and failed to repay the debt. Defendant then failed to appear in this case to contest the facts, resulting in this Court entering default. There is no reason to believe there is any dispute of the facts contained in the Complaint. Moreover, the terms of the PFA are indisputable.

### 5.   *Whether default was due to excusable neglect*

There is no evidence that Defendant's failure to participate in this litigation or participate in this proceeding is due to excusable neglect. Defendant was served with the summons and Complaint. Thus, Defendant was aware of this lawsuit, and it is highly unlikely the failure to respond was the result of excusable neglect. *Shanghai Automation Instrument Co., Ltd. v. Kuei,* 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants "were properly served with the Complaint, the notice of entry of default."). This factor weighs in favor of default judgment.

### 6.   *Policy favoring decisions on the merit.*

Finally, while policy grounds favor a resolution on the merits of this dispute, Valley's motion for default judgment is the only means to grant relief to Valley because Defendant failed to appear. Valley has been prejudiced by Defendant's failure to pay its debt. The strong policy favoring efficient and expedient resolution of collection actions should be given deference. *See Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Serv.*, 870 F.2d 1148, 1152 (7th Cir. 1989).

### IV.   **CONCLUSION**

Based on the above, Valley respectfully requests that this Court grant judgment in favor of Valley and against Defendant for $272,952.98.

WHEREFORE, Plaintiff, Valley National Bank, respectfully requests, pursuant to Fed. R. Civ. P. 55(b)(1) and other applicable law, the entry of a default judgment against Defendant Wolfpack Transport LLC for $272,952.98, which includes: (i) the

principal of $218,307.10; and (ii) interest of $54,645.88 calculated at the annual percentage rate set forth in the PFA of 11.25% for the period June 16, 2020 to June 1, 2022.

DATED: July 1, 2022          **DUANE MORRIS LLP**

                                By:  */s/ Ashley Barton*

                                  Ashley L. Barton
                                C. Todd Norris

                                Attorneys for Plaintiff,
                                *Valley National Bank*